IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BONNIE J. WERT,

        Plaintiff,                              Civil No. 06-6191-AS

      v.                                     FINDINGS AND
                                            RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.
_____

ASHMANSKAS, Magistrate Judge:

      Plaintiff Bonnie J. Wert ("Wert") seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's final decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

**BACKGROUND**

Born in 1964, Wert completed high school. Tr. 53, 63.[1] Wert reports work as a waitress, bartender, and cook between an unspecified date and March 2002. Tr. 58.

Wert filed her DIB application on April 3, 2002, alleging disability since March 7, 2002, due to fibromyalgia, ganglion cysts in both wrists, and bilateral hearing loss. Tr. 53-55, 57. After Wert's August 8, 2005, hearing before an Administrative Law Judge ("ALJ"), the ALJ found Wert could perform significant work in the national economy and, therefore, was not disabled. Tr. 26-25. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's decision final. Tr. 6-9. Wert presently appeals.

**DISABILITY ANALYSIS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520, Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Wert challenges the ALJ's evaluation of the evidence and his conclusions at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. Id.

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer March 14, 2007 (Docket #6).

2 - FINDINGS AND RECOMMENDATION

impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If she determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. § 404.1520(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e), Social Security Ruling ("SSR") 96-8p. The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999), 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f).

The initial burden of establishing disability rests upon the claimant. Tackett, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

## THE ALJ'S FINDINGS

The ALJ found Wert's fibromyalgia, depression, "status post knee reconstruction surgery," and hearing loss "severe" at step two in the sequential analysis. Tr. 26. The ALJ found

3 - FINDINGS AND RECOMMENDATION

that Wert's impairments did not meet or equal a listing at step three and evaluated Wert's RFC:

> [T]he claimant retains the capability to perform a wide range of light work, which is defined in the Regulations as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The claimant should also avoid squatting or prolonged standing in one place, needs to change position frequently, should refrain from repetitive work in the same muscle groups and hazards due to medication use, as well as work requiring acute hearing. In addition, the claimant retains the mental residual functional capacity to perform simple, routine 1-2 step tasks without special supervision, and do best in jobs not requiring direct contact with the public or close interaction with co-workers.

Tr. 26. The ALJ subsequently found that Wert could not perform her past relevant work at step four, but that she could perform significant work in the national economy at step five. Tr. 26-27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). This court weighs "both the evidence that supports and [that which] detracts from the ALJ's conclusion." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court "may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Magallanes, 881 F.2d at 750; see also Batson, 359 F.3d at 1193.

## DISCUSSION

Wert contends that the Commissioner failed to meet his burden at step five in the sequential proceedings because, in construing Wert's RFC assessment, the ALJ failed to

4 - FINDINGS AND RECOMMENDATION

accurately assess both her credibility and the medical evidence. Wert also contends that the ALJ's reliance upon the vocational expert's ("VE") testimony was flawed.

**I.    Credibility**

Wert asserts that the ALJ failed to provide adequate reasons for rejecting her testimony. In finding Wert's allegations regarding her limitations not fully credible the ALJ noted Wert's activities of daily living and contradictory testimony, as well as the medical record. Tr. 23.

**A.    Credibility Analysis**

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). Once a claimant shows an underlying impairment, the ALJ may not make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006). In making credibility findings, the ALJ may consider objective medical evidence and the claimant's treatment history, including any failure to seek treatment, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Additionally, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. Id.

**B.    Discussion**

Wert claims the ALJ erroneously rejected her fibromyalgia symptom testimony, stating that "Ms. Wert's fibromyalgia is well established by the treating record and the ALJ erred by

5 - FINDINGS AND RECOMMENDATION

failing to acknowledge its objective signs." Pl. Opening Br. 11. The ALJ found Wert's testimony credible "insofar as it is supported by objective evidence in the record." Tr. 24. This submission misconstrues the relevant standard for determining credibility: once the claimant establishes that she has an underlying impairment which could produce her symptoms (not that it in fact did) the ALJ must provide "clear and convincing" reasons for finding the claimant not credible. Smolen, 80 F.3d at 1282 (reaffirming Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986). Establishment of an impairment alone does not establish credibility. See id.

### a.   Objective Medical Record

Wert challenges the ALJ's interpretation of and reliance upon the objective medical record in reaching her credibility decision. Wert's argument reiterates her physician's fibromyalgia diagnoses. Wert does not point to specific errors in the ALJ's credibility analysis. Pl. Opening Br. 10-12.

The ALJ may consider the medical record in concert with other credibility factors. Robbins, 466 F.3d at 883. The ALJ's citation to the medical record was appropriate in light of the other credibility factors discussed below. This reasoning should be affirmed.

### b.   Activities of Daily Living

The ALJ's credibility analysis also cited Wert's activities of daily living, noting that Wert's activities include, "watching television, doing light housework, light grocery shopping, occasional vacuuming, mowing her small yard, and playing/walking with her dog and cat." Tr. 23. Wert does not challenge this assessment. The ALJ may appropriately cite such activities in his credibility analysis. Smolen, 80 F.3d at 1284. Such citation does not establish that these activities are analogous to work activity, but may show that the claimant is capable of

more activity than she alleges.  See Orteza, 50 F.3d at 750.  The ALJ's citation to Wert's daily activities should be sustained.

### c. Contradictory Statements

Finally, the ALJ noted that Wert offered contradictory testimony regarding her medical record and subsequent limitations:

> At her hearing, the claimant admitted that she did not recall Dr. Weeks ever testing her physical capacities before completing the aforementioned questionnaire, and she denied needing to lie down at least 4 out of every eight hours during the day- the apparent implication of Dr. Weeks' severe restrictions.

Tr. 23.

The ALJ may cite contradictory statements in questioning a claimant's credibility.  Smolen, 80 F.3d at 1284.  The ALJ's present finding is based upon the record and should be sustained.

In summary, this court finds that the ALJ provided sufficiently "clear and convincing" reasons for finding Wert not credible.  The ALJ's credibility finding should be sustained.

## II. Medical Source Statements

Wert argues that the ALJ failed to credit the opinion of her treating physicians, Drs. Sinnott, Roesel, and Weeks.  Tr. 12-14.  She challenges ALJ's interpretation of clinical notes submitted by these physicians as well as their opinions of disability.  This court separately analyzes the ALJ's interpretation of clinical notes and physician disability opinions.

### A. Clinical Notes

An ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings."  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing

7 - FINDINGS AND RECOMMENDATION

Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2004)).  Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician.  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).  An ALJ must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician.  Id. at 830.

      a.      **Family Practitioner Dr. Sinnott**

The ALJ summarized Dr. Sinnott's clinical notes and Wert's complaints of pain to Dr. Sinnott.  Tr. 19.  The record shows that Dr. Sinnott treated Wert between April 2000 and April 2002.  Tr. 154-59.  Dr. Sinnott assessed right foot and lumbar pain in August 2001.  Tr. 158.  In February 2002 Dr. Sinnott suggest Wert's pain appeared "more associated with the trigger points of fibromyalgia."  Tr. 155.  In March 2002 Dr. Sinnott stated that Wert had a "probable" fibromylagia diagnosis.  Tr. 154.  During this period Dr. Sinnott recommended stretching and sleep medication.  Tr. 155.

In April 2002 Dr. Sinnott suggested Wert should not lift more than twenty pounds, should not squat or stand in one place for prolonged periods, and required freedom to change positions.  Tr. 154.  The ALJ's RFC assessment included these limitations.  Tr. 23.

The ALJ's analysis is therefore based upon the record.  Wert fails to show the ALJ omitted any relevant aspect of Dr. Sinnott's treatment notes.  The ALJ's analysis should be sustained.

      b.      **General Physician Dr. Roesel**

The record shows that Dr. Roesel treated Wert between October 2002 and June 2003.  Tr. 222-228.  During this period Dr. Roesel assessed "severe" fibromyalgia, based upon Wert's reports of pain.  Tr. 224-227.  Dr. Roesel prescribed Oxycontin for Wert's reportedly escalating

pain. Tr. 225. In October 2003 Dr. Roesel refused to refill Wert's prescription, stating that Wert must establish treatment with a new physician after moving across the state. Tr. 223.

The ALJ cited Dr. Roesel's notes:

> Dr. Roesel continued to prescribe Oxycontin for pain management, as well as Paxil and other antidepressants for control of her depression. [Exhibits] B-14F & 12F. After being asked by the claimant on several occasions to endorse disability, Dr. Roesel noted on June 6, 2003, that the claimant "is a candidate for complete disability." [Exhibit] 14F.

Tr. 20.

The ALJ's summary is based upon the record. The ALJ did not discard Dr. Roesel's opinion, finding Wert's fibromyalgia "severe" and Dr. Roesel's opinion "entitled to considerable weight insofar as [he has] been the claimant's primary physicians and have treated the claimant's chronic pain." Id. The ALJ's analysis of Dr. Roesel's clinical notes should be sustained.

### c. General Physician Dr. Weeks

Wert contends that the ALJ "dismissed" Dr. Weeks's opinion. Pl. Opening Br. 13. The ALJ considered Dr. Weeks's opinion, noting that Dr. Weeks's clinical examinations and treatment, including steroid injections and Oxycontin. Tr. 20. The ALJ also noted that in January 2005 Wert reported to Dr. Weeks that she had more energy, had lost weight, and was walking 1/4-1/2 mile per day. Id. The ALJ concluded that Dr. Weeks's opinion, supported a finding that Wert's fibromylagia is "severe" at step two. Id. This finding is based upon the record and should be sustained.

### B. Disability Opinions

Wert finally argues that the ALJ erroneously rejected disability opinions submitted by Drs. Roesel and Weeks. Pl. Opening Br. 13. Disability opinions are reserved for the

9 - FINDINGS AND RECOMMENDATION

Commissioner. 20 C.F.R. § 404.1527(e)(1). The ALJ is therefore not bound by a physician's opinion of disability.

### a. Dr. Roesel

In June 2003, Dr. Roesel suggested that Wert's fibromylagia constitutes a "disability" due to her reported pain. Tr. 224. However, Dr. Roesel did not suggest specific limitations. The ALJ noted this, stating that Dr. Roesel "never actually set out his opinion that she is disabled or any specific mental or physical restrictions or capacities. 20 C.F.R. § 404.1527." Tr. 24. This finding is based upon the record and correctly cites the Commissioner's regulations stating that disability opinions are reserved for the Commissioner. This analysis should be sustained.

### b. Dr. Weeks

On August 9, 2004, Dr. Weeks completed a disability questionnaire. Tr. 231-32. Dr. Weeks declined to indicate the location of Wert's fibromyalgia trigger points, but noted that she would experience interfering pain "constantly" throughout the workday and indicated that Wert could sit, stand, or walk less than two hours in an eight hour workday. Tr. 232.

As discussed above, the ALJ noted that the Wert's own testimony contradicted Dr. Week's opinion. Tr. 23. Here the ALJ appropriately noted that Wert's testimony did not support Dr. Weeks's restrictions. Dr. Weeks's restrictions are also unsupported by his own clinical notes. As noted, an ALJ may appropriately reject opinions that are conclusory or inadequately supported by clinical findings. Bayliss, 427 F.3d at 1216. The ALJ's rejection of Dr. Weeks's disability opinion is based upon the record and should be sustained.

### C. Conclusion

In summary, the ALJ is not required to credit all aspects of a physician opinion. See

Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). The ALJ specifically accorded the opinions of Drs. Sinnott, Weeks, and Roesel "significant weight," but appropriately disregarded aspects of their opinions unsupported by clinical findings. Tr. 20. This analysis is based upon the record and should be sustained.

**III.     The ALJ's Step Five Findings**

Wert challenges the ALJ's findings that she could perform work in the national economy.

**A.  Dictionary of Occupational Titles**

Wert first submits that the ALJ erroneously omitted consideration of Dictionary of Occupational Titles ("DOT") vocational components. Wert specifically alleges that the ALJ incorrectly considered "general educational development" ("GED") reasoning requirements. Pl. Opening Br. 15.

The ALJ instructed the VE to consider limitations including "simple routine one and two step tasks." Tr. 305. The VE cited three DOT job specifications: office helper, automated photograph developer ("photo developer"), and bill sorter. Tr. 305-07 She inferred that all three positions, including the bill sorter position, are compatible with one and two step tasks. Id.

The DOT indicates that these positions require GED level two reasoning. GED level two reasoning specifies an ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" as well as an ability to "deal with problems involving a few concrete variables in or from standardized situations." DOT, Appendix 3, available at http://www.occupationalinfo.org/appendxc_1.html#III (last visited September 29, 2007).

The VE stated that a person limited to one or two step tasks could perform the specified jobs. Tr. 306, 307. This testimony is based upon the VE's expertise and supports acceptable

11 - FINDINGS AND RECOMMENDATION

deviation from the DOT. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). This finding should be sustained.

### B. Specific Limitations

#### a. Hearing

Wert submits that the photo finisher job description requires the ability to "listen for sounds that indicate machine malfunctioning." Pl. Opening Br. 15. She correctly contends that the ALJ's finding that she could perform such a position is inconsistent with his RFC finding that she should "avoid work requiring acute hearing." Tr. 24. This finding should not be sustained.

Wert does not establish that the office helper position requires "acute" hearing, and does not challenge the ALJ's instructions to the VE which noted that "she seems to be able to hear conversation but not in a noisy environment." Tr. 304. This submission fails.

#### b. Additional Limitations

Wert also submits that the ALJ failed to consider additional limitations, such as repetitive use of her hands, four or more absences per month, and requirements for additional breaks. Wert fails to show that the ALJ erroneously rejected these limitations. These limitations are therefore unsupported. The ALJ may disregard such unsupported limitations in his questions to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001). This submission fails.

After omitting of the photo finisher job, the ALJ has still identified work which exists in the national economy "in significant numbers." Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1987). The ALJ's step five finding should be sustained, except as noted.

## CONCLUSION

Wert fails to show that the ALJ's evaluation of the evidence resulted in an erroneous RFC

assessment. The ALJ based his step five analysis upon an appropriate RFC assessment and appropriately relied upon the VE's testimony. His finding that Wert can perform work existing in the national economy should be sustained.

## RECOMMENDATION

The Commissioner's decision that Wert did not suffer from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision should be AFFIRMED and the case should be dismissed.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 16, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

IT IS SO ORDERED.

Dated this 2nd day of October, 2007.

/s/ Donald C. Ashmanskas

Donald C. Ashmanskas
United States Magistrate Judge